## SEUTTER v. STEVENS.
### No. 419.

District Court, S. D., Mississippi, Jackson Division.

Oct. 6, 1933.

Bratton & Bratton, and L. O. Smith, Jr., all of Jackson, Miss., for plaintiff.

Fulton Thompson, of Jackson, Miss., for defendant.

HOLMES, District Judge.

The plaintiff, by bill in equity, is attempting to fix a lien upon the cash which was turned over to the receiver of an insolvent national bank. She claims to have established a trust fund with the bank as trustee. The agreed statement of facts discloses that she is the widow of E. R. von Seutter, who died in October, 1918, leaving a will in which she, as the main beneficiary, was devised and bequeathed certain real and personal property. The final clause of the will provided for the payment of $1,000 to the testator's son, "in case my wife marries again."

In making three warranty deeds of parcels of real estate, the title to which passed to her under said will, the widow, "desiring to provide for the protection of the warranty" against the son's contingent legacy in the event of her remarriage, recited in each of said deeds that, to satisfy the provisions of the will, she had placed on time deposit with the First National Bank of Jackson, Miss., the sum of $1,000, which was to be held by it in trust until her marriage or death, but the interest thereon was to be paid to her.

The deposit was made in the form of a check for that amount payable to Mrs. Seutter and drawn on said First National Bank by the Jackson Building & Loan Association. The check was indorsed by the payee, delivered to the bank on which it was drawn, and for it she received a deposit slip, in words and figures as follows:

"The First National Bank

"$1,000.00                    Jackson, Miss.
                "8—20—21
"Certificate of Deposit            No. 15858
"Not Subject to Check.

"Mrs. A. M. v. Seutter in trust for Alfreda, Ned and Armin Seutter, has deposited with this Bank One Thousand Dollars subject to trust conditions on file with us in agreement between Dr. L. H. Howie and H. S. Howie and J. T. Williams payable to the order of the above in current funds on return of this Certificate properly endorsed, subject to conditions above. With interest at 4 per cent. per annum if left 12 months.
"Payable Aug. 20/22

                    "O. J. Waite, V. P."

Appended to each of the warranty deeds was an acknowledgment of the vice president of the bank, as follows:

"Personally appeared before me the undersigned authority the within named O. J. Waite, an officer of the First National Bank, duly authorized to make acknowledgments for and on behalf of the First National Bank, who acknowledged that the sum of $1,000.00 has been deposited by Mrs. A. M. v. Seutter in the First National Bank of Jackson, Mississippi, in trust, the said $1,000.00 to be held by it until the marriage or death of Mrs. A. M. v. Seutter, in trust for the purposes stated in the above deed of conveyance, and the First National Bank, by its proper officers has agreed to carry out the conditions of the payment of $1,000.00 as provided herein.

"Witness my signature for the First National Bank of Jackson, Mississippi.
            "O. J. Waite, Vice-President."

It is further stipulated that the bank was solvent when the original deposit was made; that the certificate of deposit was renewed annually from 1923 to 1930; that Mrs. Seutter was paid the interest thereon annually during all of this time; that more than $1,000 in

cash was in the vaults of the bank when the original deposit was made, remained therein until a receiver was appointed, and passed into the hands of the defendant; that no money was actually deposited in the bank, but there was merely a shifting of credits; that there was no segregation of any part of the assets to protect the trust; and that, except as above stated, the transaction was treated as an ordinary deposit, the item not appearing in the trust department of the bank, but simply a memorandum thereof being made in the record of the outstanding certificates of deposit upon which interest was paid from time to time.

■ We have here a clear intention on the part of all parties to create a trust, and that such was done is beyond doubt. It is not one implied by law or resulting from the acts or misconduct of one of the parties, such as equity sometimes raises to prevent an injustice, but is an express trust, wherein the intention of the parties is material. There is no question as to who was the founder or who is the trustee or beneficiary, but (there having been no augmentation and no segregation) the controversy is as to what constitutes the trust estate; what is the res? Was it a part of the assets, i. e., the cash in the vaults, or was it merely the indebtedness due by the bank upon a general deposit, i. e., a chose in action? It is not reasonable to conclude that any of the actors contemplated a transaction wherein the bank would set aside $1,000 of its cash during the widowhood or lifetime of Mrs. Seutter, and pay her interest thereon at the rate of 4 per cent. per annum. On the contrary, obviously, it was the intention of the parties that the bank should have the use of the money. This fact is strong evidence that the title to the fund passed to the bank. Taken with the other facts in this case, and the absence of proof that the bank had any assets in its trust department, it is conclusive evidence thereof. Scammon v. Kimball, 92 U. S. 362, 23 L. Ed. 483; Commercial Bank of Pennsylvania v. Armstrong, 148 U. S. 50, 13 S. Ct. 533, 37 L. Ed. 363; McNulta v. West Chicago Park Commissioners (C. C. A.) 99 F. 900; Davis Trust Co. v. Smith (C. C. A.) 226 F. 410.

■ The title having passed to the bank, and it having become a debtor for the amount of the deposit, with interest thereon, the bank occupied a dual relation, that of creditor and trustee. It was trustee of its own indebtedness. This chose in action was the res or thing which was intrusted to the bank. It was liable to depreciate in value if the bank suffered losses or became insolvent in like manner as if another bank or person had been designated trustee. Because the trustee has become insolvent, it may resign or be removed, but the plaintiff, who made the deposit, is not entitled to recover in full the indebtedness with interest, either for herself or others, merely because the bank is insolvent and the trust estate has shrunk in value. The receiver is willing to pay the pro rata dividends on the deposit to whomever is entitled to receive them, but the plaintiff is not such person, and, therefore, cannot recover in this suit. An appropriate decree may be entered.